**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JUNIOR MOMLHEUNG K BEZENG,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1062-R** |
| | ) | |
| **JOSHUA JOHNSON, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Junior Momlheung K Bezeng, a citizen of Cameroon proceeding with counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").[1] (Doc. 1).[2] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3). In accordance with the expedited briefing schedule, (Doc. 7), Respondents timely filed a Response.[3] (Doc. 9). Petitioner timely filed a Reply. (Doc. 10). On August 11, 2026, Respondents filed a notice advising that the Petitioner had

---

[1] Petitioner was housed at Diamondback Correctional Facility in Watonga, Oklahoma. (Doc. 1, at 2).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

[3] The Response was not filed on behalf of Respondent Fred Figueroa, warden of the Diamondback Correctional Facility, because he is not a federal official. (Doc. 9, at 1 n.1). The undersigned concludes that a separate response from Warden Figueroa is not necessary to resolve this matter.

voluntarily departed from the United States. (Doc. 13). As set forth fully below, the undersigned recommends that the Court **DISMISS** the Petition as **moot** because Petitioner is no longer in ICE custody and this Court can grant no relief to him.

## I. Factual Background and Procedural Background

Petitioner is a citizen of Cameroon who entered the United States in September 2023. (Doc. 1, at 11; Doc. 9, at 4). On October 6, 2023, ICE instituted removal proceedings against him through issuance of a Notice to Appear ("NTA"), alleging he was an arriving alien. (Doc. 9, at Ex. 1). Petitioner subsequently received humanitarian parole and was released into the United States. (*Id.* at Ex. 2). During his removal proceedings, Petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal. (*Id.* at Ex. 3). On March 20, 2026, Petitioner was served with an arrest warrant pursuant to § 1226 and re-detained by ICE. (*Id.* at Ex. 5). On April 16, 2026, ICE updated Petitioner's removal status, and, in lieu of charging him as an arriving alien, re-classified him as an alien present in the United States who has not been admitted or paroled. (*Id.* at Ex. 6).

Petitioner filed the instant Petition on May 11, 2026. (Doc 1, at 16). He alleged violation of his procedural due process rights because he was detained "without an individualized bond hearing." (*Id.* at 14). He also alleged violation of his substantive due process rights because his compliance with all prior immigration obligations, his lack of a criminal history, his previous release by DHS, and the availability of alternatives meant that his detention had "become excessive in relation to the government's purported immigration purposes." (*Id.* at 15). He also alleged a violation of the Immigration and Nationality Act ("INA") because the "mandatory detention provision at 8 U.S.C. §

1225(b)(2) . . . does not apply to those who previously entered the country and have been residing in the United States prior to being apprehended." (*Id.* at 13). For relief, Petitioner requested "a Writ of Habeas Corpus requiring that Respondents release Petitioner or, in the alternative, provide Petitioner with a bond hearing." (*Id.* at 15-16).

The Response to the Petition was filed on May 27, 2026, and asserted that Petitioner's detention was proper under the INA. (Doc. 9). On June 3, 2026, Petitioner filed a Reply addressing Respondents' arguments. (Doc. 10). Following an independent review of public record that showed Petitioner had been granted voluntary departure, on July 6, 2026, the Court ordered Petitioner's counsel to file a notice attaching the voluntary departure order and advising the effect of that order on the Petition. (Doc. 11). On July 8, 2026, Petitioner's counsel filed a notice attaching the voluntary departure order and arguing that the Petition was not moot because Petitioner was still in ICE custody. (Doc 12). On August 11, 2026, Respondents advised that "Respondents received confirmation that Petitioner voluntarily departed the United States on August 5, 2026." (Doc. 13, at 2). The Voluntary Departure and Verification of Departure shows a departure on August 5, 2026. (*Id.* at Ex. 1). Respondents also submitted that the Petition is now moot. (Doc. 13 at 2).

## II. Analysis

The Court had jurisdiction over this matter when it was initially filed. *See Phakousonh v. Mullin*, No. CIV-25-1398-JD, ECF No. 17, at *1-2 (W.D. Okla. Mar. 30, 2026) (finding the "in custody" requirement under 28 U.S.C. § 2241(c)(3) "is satisfied if a petitioner files the habeas petition while incarcerated") (citing *King v. Ciolli*, 2024 WL 1179909, at *2 (10th Cir. Mar. 19, 2024)). Further, the Petition was properly filed in this

district due to Petitioner's detention here. *See Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). But here, "the more substantial question . . . is whether petitioner's subsequent [release from ICE custody] caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The answer is yes.

"An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). Thus, "if an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-478 (1990)). So a case is "moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (citation modified).

Petitioner is no longer in ICE custody. "Once Respondents released [him] from their custody, he no longer had a redressable injury arising from his detention." *Phakousonh*, ECF No. 17, at *3. Thus, this action should be dismissed as moot. *See, e.g., Kambanda v. Grant*, No. CIV-26-552-SLP, 2026 WL 1740563, at *1 (W.D. Okla. June 16, 2026); *Phakousonh*, ECF No. 17, at *3.

## III. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Court **DISMISS** the Petition, (Doc. 1), as **moot** because Petitioner is no longer in ICE custody.

The court advises the parties of their right to object to this Report and Recommendation by **August 20, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[4] The Court further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 13th day of August, 2026.

Amanda L. Maxfield
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

[4] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").